OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
2211 UNITED STATES COURTHOUSE
75 TED TURNER DRIVE, S.W.
ATLANTA, GEORGIA 30303

OFFICIAL BUSINESS

S D G



ATLANTA GA RPDC 302

10 SEP 2025 PM 3 L

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 22 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**US POSTAGE** PITNEY BOWES



ZIP 30303 **$ 000.74⁰**
02 1W
0001383857 SEP 09 2025



Addresse Unknown

RETURN TO SENDER
CLEARED DATE
NOT AT THIS ADDRESS
SEP 22 2025

U.S. Marshals Service
Atlanta, GA 30303

NIXIE      326   FE 1        0009/18/25

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 30303330999      *0447-05186-10-38

**Case: 1:25-cv-04742-SDG**

Dials: Kwana-Monique FGT
C/o General Post
7527 Roswell Road:
Atlanta, GA 30350

---

Electronic Filing is <u>mandatory</u> for all attorneys. If you are a bar member in good standing with the Northern District of Georgia or an attorney admitted pro hac vice, you must obtain or upgrade to an individual PACER account. You may obtain a PACER account if you do not have one at https://PACER.uscourts.gov. If you have a PACER account, log into PACER and click on *Manage Your Account* to confirm that your account type is **Upgraded PACER account**. If you have a Legacy account, you will need to complete the upgrade process.

# Orders on Motions

<u>1:25-cv-04742-SDG Dials:
Kwana-Monique FGT v. Morris et
al</u>

4months,SDGLC2,SUBMMG

## U.S. District Court

### Northern District of Georgia

## Notice of Electronic Filing

The following transaction was entered on 9/9/2025 at 10:51 AM EDT and filed on 9/9/2025
**Case Name:**       Dials: Kwana-Monique FGT v. Morris et al
**Case Number:**      <u>1:25-cv-04742-SDG</u>
**Filer:**
**Document Number:** <u>3</u>

**Docket Text:**
**ORDER. Plaintiff's [1] Application for Leave to Proceed IFP is DENIED with leave to renew. The
Court ORDERS Plaintiff to either pay the filing fee or file a proper and complete Application for
Leave to Proceed in District Court Without Prepaying Fees or Costs within thirty days of the
date of this Order. Plaintiff is WARNED that if she fails to either pay the filing fee or file a
proper and complete Application for Leave to Proceed in District Court Without Prepaying
Fees or Costs within thirty days of the date of this Order, the Court will deny her request to
proceed IFP and recommend that this case be dismissed. Signed by Magistrate Judge Linda T.
Walker on 9/9/2025. (cpp)**

**1:25-cv-04742-SDG Notice has been electronically mailed to:**

**1:25-cv-04742-SDG Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060868753 [Date=9/9/2025] [FileNumber=15134345-0
] [3ceb0b613b91224b7e20b08e2a2101825ed4b9f7cb37421c1e851ccec1efb747cee
e039c3630b1ca5aef4d2f22244bb87befd3f7ba7d8a405bc368524ffa7219]]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DIALS: KWANA-MONIQUE FGT,

    Plaintiff,

v.

SHONDEANNA MORRIS, et al.,

    Defendants.

CIVIL ACTION FILE NO.
1:25-cv-04742-SDG

## MAGISTRATE JUDGE'S ORDER

Plaintiff, proceeding *pro se*, seeks leave to file this civil action *in forma pauperis* ("IFP"), without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). [Doc. 1 at 1]. The Court must determine "whether the statements in the affidavit" filed in support of Plaintiff's application to proceed IFP "satisfy the requirement of poverty." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). Poverty in this context does not require that a person "be absolutely destitute." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Instead, a plaintiff seeking to proceed IFP must demonstrate that he or she cannot pay court fees and costs without forgoing "the necessities of life." Id. "A district court has wide discretion in ruling on an application for leave to proceed IFP and should grant

the IFP privilege 'sparingly' in civil cases for damages." Thomas v. Chattahoochee Jud. Cir., 574 F. App'x 916 (11th Cir. 2014) (quoting Martinez, 364 F.3d at 1306).

Here, Plaintiff filed a 72-page document which includes a "Notice to Proceed In Forma Pauperis," but it is not the standard form issued by the Court and it does not include information necessary to determine whether Plaintiff can afford court fees or costs. [Doc. 1 at 1]. The document filed by Plaintiff does not include information such as average monthly income, income expected next month, spouse's average monthly income, employment history, dependents, assets owned, or monthly expenses. [Id.]. Instead, Plaintiff merely alleges a "lack of access to commercial income" and writes, "The undersigned affirms that the Trust has no access to Federal Reserve Notes or fiat-based income, and all operations occur under ecclesiastical and private trust law." [Id.]. The Court is unable to determine whether the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied. As a result, Plaintiff's Application for Leave to Proceed IFP is **DENIED with leave to renew**. [Doc. 1].

The Court **ORDERS** Plaintiff to either pay the filing fee or file a proper and complete Application for Leave to Proceed in District Court Without Prepaying Fees or Costs within thirty (30) days of the date of this Order. Plaintiff is **WARNED** that if she fails to either pay the filing fee or file a proper and complete Application for Leave to Proceed in District Court Without Prepaying Fees or Costs within thirty (30) days of

the date of this Order, the Court will deny her request to proceed IFP and recommend that this case be dismissed. See N.D. Ga. Loc. R. 16.5 ("Failure to comply with the court's pretrial instructions may result in the imposition of sanctions, including dismissal of the case ....").[1]

**IT IS SO ORDERED**, this _9_ day of September, 2025.

_Linda J. Walker_
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court also notes that the Complaint identifies Plaintiff as a "Trustee" and repeatedly mentions the "Dials Estate" and "Foreign Grantor Trust: Dials Kwana-Monique FGT." [Doc. 1 at 1, 7, 8; Doc. 1-1 at 1-5]. Although unclear, it appears that Plaintiff, a nonlawyer, is seeking to represent the interests of a Trust. This is improper. "[C]ourts have held that trusts, artificial entities like corporations, cannot be represented by pro se litigants." Shuman v. Citibank N.A., No. 1:12-CV-3023-ODE, 2013 WL 12098818, at *3 (N.D. Ga. Jan. 29, 2013) (citations omitted). Plaintiff's Complaint was not signed by a licensed attorney authorized to practice in this Court. [Doc. 1]. Plaintiff specifically writes, "Let it be known that I do not act as a member of the BAR, nor am I appearing in a commercial or corporate capacity. I appear as a woman, minister, mother, trustee, and servant of God, with full standing in divine law and under an Act of Congress recognizing this Ministry and Trust." [Doc. 1 at 7]. The Complaint seems to indicate that Plaintiff, a nonlawyer who identifies herself as a Trustee, is seeking to represent the interests of a Trust. This is not permitted because a "nonlawyer trustee has no authority to represent a trust in court." J.J. Rissell, Allentown, PA Tr. v. Marchelos, 976 F.3d 1233, 1236 (11th Cir. 2020). The Trust must be represented by an attorney and cannot proceed in this case either *pro se* or represented by a nonlawyer. Therefore, if Plaintiff seeks to represent the interests of a Trust in this case, the Trust must retain counsel, i.e., a licensed attorney authorized to practice in this Court, to represent it in this action.